

"Andy APaid"
&lt;andy@acn.com&gt;
12/26/2006 12:36 PM

To &lt;RMedlin@fruit.com&gt;
cc
bcc
Subject MEDIATION

Dear Mr. Medlin,

I appreciate your invitation to set forth in detail my position regarding settlement of the pending dispute and will do that in this letter.

As I indicated in my previous letter, after your most recent offer, I have taken a good look at the circumstances that brought me to make the investment for Russell. I have also thoroughly reviewed the correspondence that documents the promises made to me by Russell executives.

From that review, two things are clear to me.

1- I relied on the explicit promises of Russell executives and had an understanding of a long term relationship with the company
2- I likewise relied on their promises that I would not suffer financially because of the displeasure of other customers at my decision to enter into a relationship with Russell. Contrary to those assurances, I now find myself facing termination of the relationship with Russell, after barely more than a year of production. During that time, our company has lost over 35,000 Dzs per week due principally to the decision to work with Russell.

I strongly feel that it is fair for me to expect Russell to allow me to work for a period of time equal to the time over which Russell would amortize the kind of assembly plant investments I have made at Russell's specific request. I believe it is reasonable and normal for me to expect our plant to work for at least a 5 year period to allow it to depreciate its equipment, and the investments made for Russell and to get a fair return on my investment.

I understand and appreciate Russell's desire to consolidate its work in house. But, this decision should reflect a recognition of my sizable investment to put up, in Haiti, a 1200+ employee operation for Russell, under special circumstances, to produce 66,000 Dzs T-Shirts per week. Keep in mind that, so far, we are being asked to limit production to an amount of 48,000 Dzs per week with material interruptions.

All the offers that I have made, starting with my proposal letter of September 5 to date, were intended to mitigate a growing problem I have with my bank and merely sought to put me back in approximately the position I was in before I accepted Russell's offer to work for it These offers do not even fully account for all the damages that a unilateral decision to stop production would do to us as recognized under Haitian as well as US law.

While I hope the idea of mediation will be acceptable to you, if it is not, I am prepared, in the interest of achieving an early resolution, to sign a release if FOL/RUSSELL agrees to one of the two following options.

    1)    Maintain, for a year, January to December 2007, a volume of at least 48,000 Dzs a week at the current price, or
    2)    Honor the completion of a normal 5 year production cycle. In this case, I am prepared to help progressively reduce our labor price to 1.60 US$ providing the volume is brought to the intended installed capacity of 66,000 Dzs per week. This option further reduces our originally contracted long term price and would help lower Russell costs and keep your company working in Haiti where jobs are so badly needed.

Notwithstanding the above, I continue to I believe that our best course to resolve this dispute as practical businessmen is to go into a prompt non- binding mediation process that will permit a complete assessment of the situation, including the risks to both parties if we do not reach a resolution.

Mr Medlin, I do not question your desire to reduce your own internal costs and further save by economies of scale in plants producing 75,000 or 100,000 Dzs per week. But it is essential, remaining fair, that you fully take into consideration that I was asked, under special circumstances, to put up a facility with a capacity exclusively dedicated to Russell. You have the means to verify this, and all compromise proposals that you offer should acknowledge that fact.

I will wait for your reply.

Respectfully,

Andre M. Apaid

**REDACTED**